UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DUSTIN HARWICK,

                    Plaintiff,

        v.                                        Case No. 19-C-1469

FORMER GBCI WARDEN BRIAN FOSTER,
SGT. DARCI STEVENS, and
FORMER CAPTAIN STEVENS,

                    Defendants.

## SCREENING ORDER

Plaintiff Dustin Harwick, who is currently serving a state prison sentence at Kettle Moraine

Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging

that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave

to proceed without prepaying the full filing fee and to screen the complaint.

### Motion to Proceed without Prepayment of the Filing Fee

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma*

*pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of

the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of

his prison trust account statement for the six-month period immediately preceding the filing of his

complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial

partial filing fee of $20.15. Plaintiff's motion for leave to proceed without prepaying the filing fee

will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff claims he was deprived of a basic need to have his pillow and mattress replaced for almost a year and a half while he was housed at Green Bay Correctional Institution. He alleges that he received a faulty pillow and had numerous eye infections as a result of debris leaking from his pillow accumulating in his eyes. Plaintiff also suffered from severe neck and back pain and

migraines because he was not provided with a usable pillow. On October 15, 2015, Dr. Sauvey issued Plaintiff a prescription for another pillow and pain medication for pain management.

Plaintiff claims Sergeant Stevens failed to honor Plaintiff's prescription for a pillow and pillow priority list. Plaintiff was only provided with a pillow when he complained to health services unit personnel, the security department, and the inmate complaint review system. Plaintiff asserts that Sergeant Stevens retaliated against him for filing numerous grievances by refusing to replace his pillow. Although Sergeant Stevens asserted that there were no other pillows to give to inmates, Plaintiff was issued a pillow on October 22, 2015, and noted that there were numerous pillows located in the "SCH" that Sergeant Stevens knew about. Plaintiff alleges Sergeant Stevens violated the priority list again on March 30, 2016, when she did not give Plaintiff a new pillow and gave Plaintiff a pillow with holes in it. He later received a better pillow from Correctional Officer Lannoye. Plaintiff claims Sergeant Stevens gave false information to inmate complaint examiner DeGroot by stating that she replaced Plaintiff's pillow with one that was in better condition on March 31, 2016. Plaintiff asserts Captain Stevens failed to investigate his numerous claims regarding Sergeant Stevens' misconduct.

Plaintiff asserts Warden Brian Foster failed to provide Plaintiff with a usable pillow and mattress and affirmed numerous dismissals of Plaintiff's complaints. Plaintiff claims Warden Foster failed to provide a safe and secure environment for Plaintiff and subjected Plaintiff to a prolonged period without a proper pillow and mattress. He asserts Warden Foster subjected him to two eye infections by not properly investigating the condition of his pillow.

## The Court's Analysis

The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on jail officials to ensure that inmates receive humane conditions of confinement for their health and safety. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 655 (7th Cir. 2012) ("Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'"). To assert a conditions of confinement claim, a plaintiff must allege that the adverse condition is sufficiently serious and the prison official has been deliberately indifferent to that condition. *Id.* at 664–65. An adverse condition must be "extreme" to be sufficiently serious, *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and it must deprive the prisoner of a "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff alleges that he suffered eye infections as a result of debris from his pillow getting into his eyes and that he had back and neck pain as well as migraines. He claims that Sergeant Stevens refused to replace his pillow despite knowing that he had a medical need for a replacement and that Warden Foster received numerous grievances and complaints regarding his inadequate pillow but did not remedy the problem.

Plaintiff also asserts an Eighth Amendment deliberate indifference claim against Warden Foster and Sergeant Stevens. To state a deliberate indifference claim, a plaintiff must allege that the defendant was aware of a serious medical need and consciously failed to take reasonable measures to help him. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Plaintiff alleges that Warden Foster and Sergeant Stevens were aware of his eye infections but prevented him from receiving a new pillow. At this stage, Plaintiff has stated conditions of confinement and deliberate indifference claims against Warden Foster and Sergeant Stevens.

Plaintiff has stated a First Amendment retaliation claim against Sergeant Stevens. To state a First Amendment retaliation claim, Plaintiff must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted). Plaintiff claims Sergeant Stevens refused to provide Plaintiff with his medically-prescribed pillow because Plaintiff filed numerous grievances against her. Plaintiff's grievances against Sergeant Stevens are protected by the First Amendment, and Sergeant Stevens' refusal to address Plaintiff's medical need for a pillow would likely deter First Amendment activity in the future. Accordingly, Plaintiff may proceed on his retaliation claim against Sergeant Stevens.

Plaintiff has also stated a claim against Captain Stevens. A supervisor can be held liable for a subordinate's misconduct if he knows about the conduct and facilitates it, approves it, condones it, or turns a blind eye. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff alleges that he filed complaints about Sergeant Stevens, and Captain Stevens failed to intervene and stop Sergeant Stevens' conduct.

The court finds that Plaintiff may proceed on the following claims: conditions of confinement and deliberate indifference claims against Sergeant Stevens and Warden Foster, a retaliation claim against Sergeant Stevens, and a failure to intervene claim against Captain Stevens.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $329.85 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this __5th__ day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court